IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

P. J. MORANTE                                              PLAINTIFF

VS.                           CIVIL ACTION NO. 5:12-cv-55(DCB)(RHW)

UNKNOWN PHILLIPS et al.                                   DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the pro se plaintiff's motion for default judgment **(docket entry 18)** and motion to amend complaint **(docket entry 22)**; on the defendants' motion to dismiss or, in the alternative, for summary judgment **(docket entry 24)**; and on the plaintiff's motion for extension of time to take further discovery **(docket entry 29)**. On February 1, 2013, Magistrate Judge Robert H. Walker entered a Report and Recommendation **(docket entry 37)**, and on February 22, 2013, the plaintiff entered objections thereto. On the same day, the defendants entered a response in opposition to the plaintiff's objections. Having carefully considered the above pleadings and the Report and Recommendation, and being fully advised in the premises, the Court finds as follows:

The plaintiff, proceeding pro se and in forma pauperis, filed his complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that defendants Lieutenant Antony Phillips, Lieutenant Leon Williams, Correctional Officer DeQuanty Lott, Recreation Specialist

Zandra Bender, and Recreation Specialist Johnny Moore, all officers and employees at the Federal Correctional Complex, Yazoo City, Mississippi (FCC Yazoo City) failed to protect him from assault at the hands of another inmate on November 3, 2010.

In his declaration, the plaintiff alleges that while he was in the recreation yard at FCC Yazoo City, a fight broke out between two rival groups of inmates. Plaintiff alleges that he went to assist one inmate who had been injured, and he was attacked by another unidentified inmate who swung a metal rod at plaintiff's head. Plaintiff raised his hand to protect himself, and the rod struck and fractured plaintiff's hand.

The defendants allege that the inmates had been ordered to stop fighting and get down on the ground. As a result of an investigation of the incident, Morante and other inmates were issued incident reports charging them with failing to obey an order. Morante was found guilty of the charges and was sanctioned with loss of 14 days of good conduct time, 15 days disciplinary segregation, and loss of commissary and telephone privileges for a year. The Discipline Hearing Officer also recommended a disciplinary transfer. On June 15, 2011, Morante was transferred from FCC Yazoo City to FCI Phoenix.[1]

Plaintiff filed a motion for default judgment. Magistrate

---

[1] Plaintiff is currently at Federal Correctional Institution Beckley in Beaver, West Virginia.

Judge Walker recommends denial of the motion since the defendants filed a timely responsive pleading to the complaint. Morante also filed a motion for leave to amend his complaint, which Magistrate Judge Walker recommends granting. The remainder of the Report and Recommendation assumes that leave to amend will be granted, and considers the amended complaint as submitted by the plaintiff.

The defendants' motion to dismiss or for summary judgment is based on qualified immunity, which shields government officials performing discretionary functions from liability for civil damages, insofar as their conduct does not violate clearly established rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). The plaintiff bears the burden of negating the defense. He cannot rest on conclusory allegations, but must demonstrate a genuine issue of material fact regarding the defendants' reasonableness. <u>Michalik v. Hermann</u>, 422 F.3d 252, 262 (5th Cir. 2005).

Because the parties have submitted matters outside the pleadings, the defendants' motion to dismiss or, in the alternative, for summary judgment, shall be treated as a motion for summary judgment. <u>See</u> Fed.R.Civ.P. 12(d); <u>Young v. Biggers</u>, 938 F.2d 565, 568 (5th Cir. 1991).

Plaintiff claims that the defendants failed to protect him from violence at the hands of another inmate. To prevail on his claim, he "must show that he is incarcerated under conditions

3

posing a substantial risk of serious harm," and that prison officials were deliberately indifferent to the inmate's safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). No liability exists if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted. Longoria v. Texas, 473 F.3d 586, 593 (5th Cir. 2006). In this case, plaintiff alleges that he was an innocent bystander in a fight between rival groups of inmates. He does not allege that defendants were aware of any specific risk of harm to him as an individual. Instead, he alleges that the mere presence of Juan Vasquez, a newly arrived inmate in the prison population, posed a generalized risk of violence to all inmates, including Morante.

The defendants do not dispute that Vasquez's arrival at FCC Yazoo City was the catalyst for the fight between the two rival groups of inmates. To establish a constitutional violation, however, Morante must show that one or more of the defendants were aware, prior to the incident, of facts sufficient to infer a substantial risk of harm, and that one or more of the defendants in fact drew the inference of a substantial risk. All of the defendants state by way of declaration that they had no knowledge that Vasquez was the source of the conflict until a post-incident investigation revealed this fact.

The plaintiff alleges, however, that defendant Leon Williams was responsible for evaluating the status and records of arriving

inmates, that he should have known that Vasquez was a rival and target of a gang within the prison population, and that Williams failed to prevent Vasquez from entering the general population. In his declaration, Williams states that he was charged with reviewing Central Inmate Monitoring for all newly arriving inmates; however, he further states that he did not have information that placing Vasquez in the general population would create a conflict. Williams states that, like the other defendants, he did not have that information until it was revealed in the post-disturbance investigation. Even assuming that the plaintiff's allegations are true, Williams at most acted negligently, which is not enough to establish deliberate indifference.

The plaintiff also alleges that the defendants failed to prevent the situation from escalating into a violent confrontation. The defendants' declarations, as well as the plaintiff's complaint, confirm that the defendants did take steps to abate the risk of violence. While these efforts were only partially successful in preventing violence, they were not objectively unreasonable and do not constitute deliberate indifference.

The Report and Recommendation also recommends denial of the plaintiff's request for further discovery, on the basis that the proposed discovery would not reveal any facts that could create a genuine issue of material fact.

In his objections to the Report and Recommendation, the

plaintiff provides additional facts surrounding the incident and the assault on the plaintiff, none of which create a genuine issue of material fact.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of Magistrate Judge Robert H. Walker **(docket entry 37)** is adopted as the findings and conclusions of this Court;

FURTHER ORDERED that the plaintiff's motion for default judgment **(docket entry 18)** is DENIED;

FURTHER ORDERED that the plaintiff's motion to amend complaint **(docket entry 22)** is GRANTED, and the Complaint is AMENDED as set forth in the plaintiff's motion;

FURTHER ORDERED that the defendants' motion to dismiss or, in the alternative, for summary judgment **(docket entry 24**), which the Court treats as a motion for summary judgment, is GRANTED;

FURTHER ORDERED that the plaintiff's motion for extension of time to take further discovery **(docket entry 29)** is DENIED.

SO ORDERED, this the 4th day of March, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE